IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENISE MILES**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:16-cv-00298 |
| ) | |
| **CAPITAL ACCOUNTS, LLC**, ) | |
| ) | |
| <u>Serve at:</u> ) | JURY TRIAL DEMANDED |
| **Capital Accounts, LLC** ) | |
| **310 Billingsly Court** ) | |
| **Franklin, Tennessee, 37067** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff Denise Miles ("Plaintiff"), and for her Complaint against Capital Accounts, LLC ("Defendant") states as follows:

### Introduction and Parties

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (the "FDCPA").

2. This Court has jurisdiction over this FDCPA claim under 15 U.S.C. § 1692k(d).

3. Plaintiff is an individual who at all times material to this Complaint resided in and still does reside in St. Clair County, State of Illinois. Venue is appropriate in this Court pursuant to 15 U.S.C. § 1692i(a)(2)(B) because Plaintiff resides in St. Clair County, Illinois.

4. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3), because she is allegedly obligated to pay a consumer debt.

5. Defendant is a Tennessee limited liability company with its principal place of business in Franklin, Tennessee. Its foreign registration in Illinois was revoked on 02/11/2016.

6. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), because its principal business is the collection of debts, it uses interstate commerce or the mails to collect said debts, and it regularly collects or attempts to collect debts owed to other parties.

7. At all times relevant hereto, Defendant conducted substantial and continuous business with and has had substantial and continuous contacts with the State of Illinois and the County of St. Clair. Defendant continues to conduct substantial and continuous business with and still has substantial and continuous contacts with the State of Illinois and the County of St. Clair.

**Facts**

8. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

9. Plaintiff's alleged debt is comprised of medical bill deficiencies from an account with Defendant that originated with a medical clinic named Goldenberg & Associates.

10. This alleged debt, if proven valid, would have arisen out of a transaction entered into primarily for personal, family, or household purposes.

11. Plaintiff received a phone call from Defendant in August 2015. On August 26, 2015, Plaintiff called Defendant back to learn what the phone call was about.

12. An agent of Defendant answered the phone, and she started to verify Plaintiff's identity.

13. Because Plaintiff never received a validation notice from Defendant, this phone conversation was the parties' first communication, and Plaintiff's 30-day dispute and verification rights began that day.

14. Plaintiff attempted to exercise her dispute and verification rights orally.

15. Plaintiff's oral dispute was sufficient for Plaintiff to dispute the debt. Because Plaintiff's 30-day validation rights had not expired, all collection activity should have ceased at that point until written validation was provided to Plaintiff.

16. Instead, Defendant's agent continued to attempt to collect from Plaintiff. In fact, Plaintiff even asked, "Am I able to dispute you guys?" Defendant's agent merely responded, "Why would you dispute the bill?" and continued collection efforts.

17. Defendant's conduct caused Plaintiff to believe that she could not exercise her Section 1692g rights during the phone call.

18. As a part of her collection efforts, Defendant's agent explained that payment would avoid future negative reporting on Plaintiff's credit report.

19. Defendant's agent further described how this negative credit reporting would be a "bad mark" on Plaintiff's credit report, stating, "[P]eople tell me is that it doesn't look good if you're trying to buy something or if they try to get a job. They look at the credit sometimes." and "People call in when they're trying to get a house or a car or a job and they pay the balance in full to make sure that it looks good."

20. Defendant's agent was implying that Plaintiff could not get a house, a car, or a job unless she paid the balance in full. This was a lie. There is no possible way that Defendant could or should state with any kind of certainty how Defendant's negative credit reporting would impact Plaintiff's ability to do any of these things.

21. In addition, Defendant's agent declared, a payment arrangement would stop the balance of the debt from continuing to grow. This was yet another lie. The original creditor had charged off the debt, so there was no additional interest that would accrue should the debt remain unpaid. Defendant was making a false threat in an attempt to secure faster payment.

22. After the call, Defendant ignored Plaintiff's dispute rights even further by failing to provide a validation notice within five days of the dispute as required by the FDCPA, 15 U.S.C. § 1692a(1).

23. This whole ordeal has caused Plaintiff garden variety emotional distress in the form of frustration and anxiety, among other forms of garden variety emotional distress.

24. As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the legal rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and/or to deter it and others from such blatant violation of federal law in the future.

### Defendant's Violation of the FDCPA

25. Plaintiff realleges and incorporates by reference all of the previous paragraphs.

26. A single action on the part of a debt collector can violate multiple sections of the FDCPA.

27. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, including, but not limited to the following:

   a. Overshadowing Plaintiff's dispute, validation, and verification rights in violation of 15 U.S.C. § 1692g;

   b. Failing to provide a validation notice within five days of the dispute as required by 15 U.S.C. § 1692a(1);

   c. Using false, deceptive, or misleading representations or means in connection with the collection of the alleged debt in violation of 15 U.S.C § 1692e; and

d. Employing unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

### Demand for Judgment

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Statutory damages, costs, litigation expenses and attorney's fees as permitted by the FDCPA, 15 U.S.C. § 1692k;

C. Release of the alleged debt;

D. Actual damages, including damages for garden variety emotional distress;

E. An award of punitive damages against Defendant; and

F. For such other relief as the Court may deem just and proper.

### Demand for Jury Trial

Plaintiff requests a trial by jury, in the United States District Court for the Southern District of Illinois for all forms of relief requested in this Complaint so triable.

Respectfully submitted,

**DONNER APPLEWHITE, ATTORNEYS AT LAW**

By: */s/ Thomas R. Applewhite*
Thomas R. Applewhite, #6310947
1108 Olive Street, Suite 200
St. Louis, Missouri 63101
Phone: (314) 240-5351
Facsimile: (888) 785-4461
Email: tom.applewhite@da-lawfirm.com

*Attorneys for Plaintiff*